J. S30028/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| REGINALD MACKEY, | : | No. 2334 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 19, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011993-2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 19, 2016**

Reginald Mackey appeals, ***pro se***, from the June 19, 2015 order[1] that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

---

[1] We note that appellant is incarcerated and acting ***pro se***.  The record reflects that the PCRA court entered its order denying appellant's PCRA petition on June 19, 2015, but that the order was not sent to appellant until June 25, 2015.  Therefore, appellant was required to file his notice of appeal by Monday, July 27, 2015.  ***See*** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of court mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).  Appellant dated his notice of appeal and proof of service of same, as well as related correspondence, July 22, 2015.  Appellant certified in his proof of service that he sent the notice of appeal to the clerk of the trial court, as well as others, on July 22, 2015.  Although the trial-court docket sheet erroneously reflects that appellant filed his notice of appeal on July 17, 2015, that notice is date-stamped as received in the trial

The PCRA court set forth the procedural history of this case as follows:

On March 16, 2012, [appellant] pled guilty to one count of first-degree robbery (18 Pa.C.S.[A.] § 3701(a)(1)(ii)) and one count of conspiracy to commit robbery (18 Pa.C.S.[A.] §§ 903 & 3701(a)(1)(ii)[)]. Sentencing was deferred so that a pre-sentence report could be prepared. [Appellant] was initially represented at the guilty plea hearing by Varghese Kurian, Esquire, though [appellant] elected to proceed *pro se* part way through the hearing. On May 8, 2012, [appellant] filed a *pro se* Motion to Withdraw Guilty Plea. On May 17, 2012, the date of his scheduled sentencing hearing, [appellant] continued to elect to proceed *pro se*. After conducting a colloquy, the Court permitted [appellant] to do so, and appointed Mr. Kurian as standby counsel. The Court denied [appellant's] motion to withdraw his guilty plea and imposed the negotiated aggregate sentence of 10 to 20 years['] incarceration.

Thereafter, [appellant] had a change of heart about proceeding *pro se*, and at his request, Mr. Kurian was re-appointed as [appellant's] counsel. Mr. Kurian filed post-sentence motions on [appellant's] behalf, which the Court denied on September 12, 2012. Mr. Varghese [Kurian] then withdrew from representation and John Belli, Esquire, was appointed to represent [appellant] on appeal.

On February 28, 2013, [appellant] filed a praecipe with the Superior Court to discontinue his appeal. [Appellant] then filed a *pro se* petition under the [PCRA] on October 28, 2013 ("**Pro Se**

court on July 22, 2015. We deem appellant's appeal timely filed. **See also Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (holding that when an appellant is incarcerated and acting *pro se* when seeking to file an appeal, justice requires that the appeal be deemed "filed" on the date appellant deposits the appeal with prison authorities and/or places it in the prison mailbox).

Petition"). [Appellant] filed a Petition to Remove PCRA Judge on January 31, 2014 ("Recusal Petition"). James R. Lloyd, Esquire was appointed to represent [appellant] on May 16, 2014.

On March 6, 2015, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), Mr. Lloyd filed a letter stating there was no merit to [appellant's] claims for collateral relief and requested permission to withdraw. **See Finley** Letter of James R. Lloyd, filed 3/6/15 ("**Finley** Letter"). On April 1, 2015, [appellant] filed an Objection to Petition to Withdraw as Counsel in the Above Captioned Matter ("Withdrawal Objection"). On April 2, 2015, [appellant] filed a **pro se** Amended Petition for Relief Under the [PCRA] ("**Pro Se** Amended Petition"). On May 21, 2015, Mr. Lloyd filed a Supplemental **Finley** Letter. **See** Supplemental **Finley** Letter of James R. Lloyd, filed 5/21/15 ("Supplemental **Finley** Letter["]). Also on May 21, 2015, the Court issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss [appellant's] PCRA Petition without an evidentiary hearing. [Appellant] filed a Response to Dismissal of PCRA Petition ("907 Response") on May 28, 2015. On June 19, 2015, the Court formally dismissed [appellant's] PCRA Petition and granted Mr. Lloyd's motion to withdraw his appearance.

[Appellant] has now appealed **pro se** from the Court's dismissal of his PCRA Petition. . . .

PCRA court corrected opinion, 11/5/15 at 1-3.[2]

Appellant raises the following issues for our review:

[1]. The PCRA Court Erred when it denied Appellant's Claim that the Honorable Court

---

[2] The record reflects that the PCRA court filed its opinion on October 23, 2015, but erroneously dated that opinion October 23, 2010. As a result, on November 5, 2015, the PCRA court filed a corrected opinion that merely remedied this typographical error.

- 3 -

Erred and Committed an Error of Law when the Court tainted the Plea Agreement Negotiation Process by interjecting in Plea discussions, Actively Persuading the District Attorney and Trial Attorney in what direction to take to negotiate a Plea Agreement the Appellant would Plea [sic] Guilty to during a [sic] Open Court [Conference].

[2]. The PCRA Court Erred when it denied Appellant's Claim that the Honorable Court Erred and Committed an Error of Law when the Court tainted the Plea Agreement Negotiation Process by Actively Persuading, Advising, Threatening, Placing the Appellant under duress to take the Commonwealth's Offered Plea Agreement Proposal.

[3]. The PCRA Court Erred when it denied Appellant's Claim that Attorney Varghese Kurian was Ineffective Assistance [sic] of Counsel when Attorney Kurian participated in Plea Bargaining discussions with the Court during a [sic] Open Court Conference with the District Attorney.

[4]. The PCRA Court Erred when it denied Appellant's Claim that Attorney Varghese Kurian was ineffective when he failed to intervene or object, Preserve the Record when the Court began to Actively Advise, Persuade, Threatening the Appellant, Placing the Appellant under duress to take the Commonwealth's Offered Plea Agreement Proposal.

[5]. The PCRA Court Erred when it denied Appellant's Claim that the Honorable Court Erred and Committed an Error of Law by denying Appellant's Pre-Sentencing Request to Withdraw his Guilty Plea because the law is clear that such a request should be liberally granted where, as here[,] Appellant stated to the Court that he was Innocent and was

coerced into Entering a Plea of guilty which was Unlawfully induced by the Court by way of [threats] if Appellant did not accept Commonwealth's Plea Agreement Proposal.

[6]. The PCRA Court Erred when it denied Appellant's Claim that the Honorable Court Erred and Committed an Error of Law when denying Appellant's Pre-Sentencing Request to Withdraw his Guilty Plea when the Commonwealth failed to give Evidence to show that the Commonwealth would be Substantial [sic] Prejudice if Appellant was allowed to Withdraw his Guilty Plea.

[7]. The PCRA Court Erred when it denied Appellant's Claim that the District Attorney violated the law and Appellant's Constitutional Rights to a Fair Hearing and Fair Trial when the District Attorney gave a False Statement to the Court, [t]he Court relied and acted upon that statement and used the statement from the District Attorney as the bases in their decision to Deny Appellant's Motion to Withdraw his Guilty Plea.

[8]. The PCRA Court Erred when it denied Appellant's Claim that the District Attorney [v]iolated the law and Appellant's Constitutional Rights to a Fair Trial and Fair Hearing when the District Attorney displayed a form of Prosecutorial Misconduct, and Prejudicial Misconduct when [sic] gave (stated) a False Statement to the Court which caused the Court to act, Relied upon that statement as the Courts [sic] Reasoning and Bases to deny Appellant's Motion to Withdraw his Guilty Plea.

[9]. The PCRA Court Erred when it denied Appellant's Claim that the Honorable Court Erred when it denied Appellant's Claim that the Court induced the Appellant into [an] Unlawful Plea when the Court denied Appellant's Request for a Continuance so that he could

prepare to represent himself at trial by reviewing the Commonwealth's Discovery Package that was going to be used at trial by the Commonwealth.

[10]. The PCRA Court Erred when it denied Appellant's Claim that PCRA Counsel was Ineffective when he failed to address all claims in Appellant's PCRA Petition, Supplemental PCRA Petition tagged as Exhibit A, and Amended Petition.

[11]. The PCRA Court Erred and Commit [sic] a [sic] Error of Law when the PCRA Court failed to Recuse (Remove) Judge Bronson from PCRA Proceedings to guarantee Appellant a [sic] Impartial Appeal Process.

[12]. The PCRA Court Erred when it denied Appellant's Claim that PCRA Counsel was ineffective when the PCRA Counsel filed a no-merit letter stating Appellant failed to state any claims of arguable merit when the record of the Guilty Plea Volume 1, Transcripts, March 16, 2012 clearly supports Appellant's claims that the trial Court did interact in Plea Bargaining Negotiations, Trial Attorney was Ineffective. The record also shows from the sentencing Volume 1, Transcript's [sic], dated May 17, 2012 claim the District Attorney gave a False Statement to the Court to establish Substantial Prejudice. The Court denied Appellant's Constitutional Rights to a Fair Hearing and a Fair Trial when it used, Relied on the False statement made by the District Attorney as the bases to Deny Appellant's Motion to Withdraw his Guilty Plea. The Guilty Plea Volume 1, also supports Appellant's Claim the Court Induced him into a [sic] Unlawful Plea when the Court denied Appellant [sic] Continuance to Review discovery to build a defense.

[13]. The PCRA Court Erred when it denied Appellant's Claim that Direct Appeal Counsel John Belli, coerced Appellant to Withdraw his Direct Appeal by threatening Appellant through a letter, stating to Appellant that if Appellant's Direct Appeal was sucessful [sic], Appellant will be tried and Convicted and sentenced to a period of incarceration far greater than what Appellant received from Judge Bronson.

[14]. The PCRA Court Erred when it denied Appellant's Claim that the Direct Appeal Counsel was ineffective when Direct Appeal Counsel failed to properly appraise [sic] the Appellant by notifying the Appellant that if Appellant withdrew his Direct Appeal, Appellant would waive all claims that were raised in the Submitted Direct Appeal.

Appellant's brief at 4-7.

For purposes of the PCRA, a petitioner waives an issue if petitioner could have raised it on direct appeal, but failed to do so. 42 Pa.C.S.A. § 9544(b) (issue is waived if petitioner failed to raise it but could have done so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding). Here, appellant waived the claimed errors he asserts in his first, second, fifth, sixth, seventh, eighth, and ninth issues, all of which relate to his guilty plea, because he could have raised each one of those issues on direct appeal.

Additionally, the failure to raise an issue in an ordered Rule 1925(b) statement results in waiver of that issue on appeal. *Commonwealth v. Dowling*, 883 A.2d 570, 578 (Pa. 2005), citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Here, the twelfth issue presented in

appellant's brief on appeal was not included in the court-ordered Pa.R.A.P. 1925(b) statement filed on August 12, 2015, and is not properly before us for review.

Appellant's third, fourth, tenth, thirteen, and fourteenth issues allege various ineffectiveness of counsel claims.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. **See Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. **Id.** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. **See Rollins**, 738 A.2d at 441; **Commonwealth v. (Charles) Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" **See Rollins**, 738 A.2d at 441 (quoting **Travaglia**, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. **Commonwealth v. (Michael) Pierce**, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); **Commonwealth v. Basemore**, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and

> the court need not first determine whether the first and second prongs have been met."). In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). *See also (Michael) Pierce*, 786 A.2d at 221-22; *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).

Here, appellant alleges plea counsel was ineffective for participating in plea bargain discussions and for failing to object to the court's participation at the plea hearing. Appellant further alleges that direct appeal counsel was ineffective for coercing him to withdraw his direct appeal on the ground that if appellant did not withdraw and he was tried and convicted, he would face a greater sentence than what he received as a result of his plea. Appellant also alleges that direct appeal counsel was ineffective for not informing appellant that he withdrew appellant's direct appeal. Finally, appellant alleges that PCRA counsel was ineffective for failing to address all of claims that appellant wanted counsel to address in appellant's PCRA petition.

For each ineffective assistance of counsel claim raised, appellant fails to establish that the underlying claim has arguable merit, that counsel had no reasonable basis for his action or inaction, and that appellant suffered prejudice. Although appellant states that he suffered prejudice, he fails to advance any argument as to how the outcome of the proceedings would

have been different but for the claimed ineffectiveness. Therefore, appellant's ineffective assistance of counsel claims at issues 3, 4, 10, 13, and 14 necessarily fail.

Finally, in his eleventh issue, appellant claims that the PCRA court erred as a matter of law in failing to recuse itself. Appellant waives this claim because he fails to cite to any authority that supports his position and he fails to fully develop any meaningful argument. *See Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009); *Commonwealth v. Brougher*, 978 A.2d 373 (Pa.Super. 2009) (claim is waived if there is no citation to authority); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (petitioner waives undeveloped and/or unclear claims).

While we have found waiver of most of appellant's issues on appeal, this court has carefully reviewed the record and agrees with Judge Glenn B. Bronson's discussion in his Rule 1925(a) opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

- 10 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF : CP-51-CR-0011993-2010
PENNSYLVANIA :
:
v. :
:
REGINALD MACKEY :
:

CORRECTED OPINION

BRONSON, J. November 5, 2015

I. PROCEDURAL BACKGROUND

On March 16, 2012, defendant Reginald Mackey pled guilty to one count of first-degree

robbery (18 Pa.C.S. § 3701(a)(1)(ii)) and one count of conspiracy to commit robbery (18 Pa.C.S.

§§ 903 & 3701(a)(1)(ii). Sentencing was deferred so that a pre-sentence report could be

prepared. Defendant was initially represented at the guilty plea hearing by Varghese Kurian,

Esquire, though defendant elected to proceed *pro se* part way through the hearing. On May 8,

2012, defendant filed a *pro se* Motion to Withdraw Guilty Plea. On May 17, 2012, the date of

his scheduled sentencing hearing, defendant continued to elect to proceed *pro se*. After

conducting a colloquy, the Court permitted defendant to do so, and appointed Mr. Kurian as

standby counsel. The Court denied defendant's motion to withdraw his guilty plea and imposed

the negotiated aggregate sentence of 10 to 20 years incarceration.

Thereafter, defendant had a change of heart about proceeding *pro se,* and at his request,

Mr. Kurian was re-appointed as defendant's counsel. Mr. Kurian filed post-sentence motions on

defendant's behalf, which the Court denied on September 12, 2012. Mr. Varghese then

withdrew from representation and John Belli, Esquire, was appointed to represent defendant on appeal.

On February 28, 2013, defendant filed a praecipe with the Superior Court to discontinue his appeal. Defendant then filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on October 28, 2013 ("*Pro Se* Petition"). Defendant filed a Petition to Remove PCRA Judge on January 31, 2014 ("Recusal Petition"). James R. Lloyd, Esquire was appointed to represent defendant on May 16, 2014.

On March 6, 2015, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. Lloyd filed a letter stating there was no merit to defendant's claims for collateral relief and requested permission to withdraw. *See Finley* Letter of James R. Lloyd, filed 3/6/15 ("*Finley* Letter"). On April 1, 2015, defendant filed an Objection to Petition to Withdraw as Counsel in the Above Captioned Matter ("Withdrawal Objection"). On April 2, 2015, defendant filed a *pro se* Amended Petition for Relief Under the Post Conviction Relief Act ("*Pro Se* Amended Petition"). On May 21, 2015, Mr. Lloyd filed a Supplemental *Finley* Letter. *See* Supplemental *Finley* Letter of James R. Lloyd, filed 5/21/15 ("Supplemental *Finley* Letter). Also on May 21, 2015, the Court issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss defendant's PCRA Petition without an evidentiary hearing. Defendant filed a Response to Dismissal of PCRA Petition ("907 Response") on May 28, 2015. On June 19, 2015, the Court formally dismissed defendant's PCRA Petition and granted Mr. Lloyd's motion to withdraw his appearance.

Defendant has now appealed *pro se* from the Court's dismissal of his PCRA Petition, alleging that: 1) direct appeal counsel was ineffective for recommending that defendant withdraw his direct appeal; 2) direct appeal counsel was ineffective for failing to inform defendant that he

2

would lose his direct appeal rights by withdrawing his appeal; 3) the Court erred by interjecting itself into the plea discussions with the assistant district attorney and trial counsel; 4) trial counsel was ineffective for participating in plea negotiations with the Court, conspiring to induce defendant into an unlawful plea agreement; 5) PCRA counsel was ineffective for failing to address the claim that the Court interjected itself into the plea negotiations; 6) PCRA counsel was ineffective for failing to address defendant's claim that trial counsel was ineffective for participating in plea negotiations with the Court; 7) the Court erred by actively persuading, advising, and threatening defendant to accept the plea offer; 8) trial counsel was ineffective for failing to intervene when the Court placed defendant under duress to accept the plea agreement; 9) the Court erred in denying defendant's request for a trial continuance so that defendant could prepare to represent himself at trial; 10) PCRA counsel was ineffective for failing to address the claim that the Court induced defendant to plead guilty by denying defendant's request for a trial continuance; 11) the Court erred in denying defendant's pre-sentence motion to withdraw his guilty plea; 12) the Commonwealth failed to show that it would be substantially prejudiced if the Court permitted defendant to withdraw his guilty plea; 13) the assistant district attorney engaged in misconduct by giving a false statement to the Court regarding defendant's motion to withdraw his guilty plea; 14) PCRA counsel was ineffective for failing to address all claims raised by defendant on collateral review; and 15) the Court erred by refusing to recuse itself from the PCRA proceedings.[1] Concise Statements of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 1-15. For the reasons set forth below, defendant's claims are without merit, and the PCRA Court's order dismissing his PCRA Petition should be affirmed.

---

[1] Defendant's claims have been reorganized for ease of analysis. Emphases and unnecessary capitalizations from defendant's filings have been omitted throughout this Opinion.

## II. FACTUAL BACKGROUND

The facts of this case are set forth in the Court's 1925(a) Opinion in defendant's direct appeal as follows:

On March 13, 2012, the Court held an evidentiary hearing on the motion to suppress physical evidence that had been presented by defendant. The testimony presented at that hearing established the following.[2]

On September 6, 2010, at approximately 1 p.m., Jordon Dezii was working as a cashier at the CVS drugstore at 1901 Oregon Avenue in Philadelphia. N.T. 3/13/2012 at 14-15. Mr. Dezii had just finished ringing up another customer when defendant approached the counter with a bag of chips. N.T. 3/13/2012 at 15. Defendant put the chips on the counter, leaned in and told Mr. Dezii that "this was a robbery, and if [Mr. Dezii] didn't give him all the money that the guy that was towards the front of the store was going to shoot the customers." N.T. 3/13/2012 at 15. Defendant then looked over at the man, later identified as Ngeth Chandaravuth, and "signaled" him. N.T. 3/13/2012 at 15.[3] Mr. Dezii looked at Mr. Chandaravuth and saw that he had his hand in the pocket of his hoodie. N.T. 3/13/2012 at 16. Believing that Mr. Chandaravuth had a gun in his pocket, Mr. Dezii gave defendant all of the money in the register. N.T. 3/13/2012 at 17. Mixed in with the money was the register's "till slip," which is a form that lists how much money was in the register when it was last counted. N.T. 3/13/2012 at 17. After defendant had the money and the till slip, he and Mr. Chandaravuth both ran out of the store. N.T. 3/13/2012 at 17.

Mr. Dezii told the store's security guard, Melvin Young, to call the police, which Mr. Young did. N.T. 3/13/2012 at 17. Philadelphia police officers arrived at the scene. N.T. 3/13/2012 at 17. After speaking to Mr. Dezii, the police put out over the police radio a description of defendant and Mr. Chandaravuth and their direction of travel as they fled the CVS. N.T. 3/13/2012 at 29. Police Officer David Ewing and Officer Caffie,[4] driving over the route from which the suspects were seen fleeing from the CVS, observed a trail of discarded clothing leading to the Penrose Diner on 20th Street. N.T. 3/13/2012 at 29. Upon entering the diner, the officers saw defendant and Mr. Chandaravuth and realized immediately that they matched the descriptions given by Mr. Dezii. N.T. 3/13/2012 at 30-32. Both men were also perspiring and breathing heavily. N.T. 3/13/2012 at 32. Officers Ewing and Caffie detained defendant and Mr. Chandaravuth and relayed the information over the police radio. N.T. 3/13/2012 at 33.

---

[2] At the guilty plea hearing, the Commonwealth incorporated by reference the testimony from the suppression hearing as the factual basis for the plea. N.T. 3/16/2012 at 77. During the guilty plea colloquy, defendant acknowledged that the testimony at the hearing accurately described the facts underlying the charges against him. N.T. 3/16/2012 at 78.

[3] Mr. Chandaravuth pled guilty to first-degree robbery and conspiracy before a different judge.

[4] Officer Caffie's first name was not given during the suppression hearing or guilty plea hearing.

4

Police drove Mr. Dezii to the diner, where Mr. Dezii immediately identified defendant and Mr. Chandaravuth as the two men who robbed the CVS pharmacy. N.T. 3/13/2012 at 20-21. The police arrested defendant and Mr. Chandaravuth. N.T. 3/13/2012 at 33. When Officer Ewing searched defendant incident to arrest, he found $231 in cash, the till slip from the CVS cash register, and a pack of cigarettes. N.T. 3/13/2012 at 33-34. On the rear of the cigarette pack was a handwritten note that stated "This is a robbery. Give me all the money or I will shoot. No dye pack." N.T. 3/13/2012 at 34.

## III. DISCUSSION

If court-appointed counsel for a PCRA petitioner determines that the issues the petitioner raises for collateral review are meritless, and the PCRA court concurs, counsel may withdraw and the petitioner may proceed *pro se*, by privately retained counsel, or not at all. *Finley*, 550 A.2d at 218. To be permitted to withdraw, petitioner's counsel must file a no-merit letter, or "*Finley* letter," detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation as to why the issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009) (quoting *Finley*, 550 A.2d at 215). After reviewing a *Finley* letter, the PCRA court is required to independently review the record to evaluate the petitioner's claims. *Id.* A PCRA petition may be dismissed without a hearing if the Court determines that there are no claims of arguable merit and no purpose would be served by further proceedings. *Commonwealth v. Lignons*, 971 A.2d 1125, 1143 (Pa. 2009); *see* Pa.R.Crim.P. 907(1).

In his *pro se* PCRA petition, defendant claimed that he was entitled to collateral relief on the following grounds: 1) the Court erred by injecting itself into the plea negotiation process and actively pressured defendant to plead guilty; 2) the Court erred by denying defendant's request to withdraw his guilty plea; 3) trial counsel was ineffective due to his inaction when the Court injected itself into the plea negotiation process and actively pressured defendant to plead guilty;

5

4) trial counsel was ineffective due to his inaction when the Court denied defendant's motion for trial continuance; 5) all prior trial counsel were ineffective for failing to inform defendant of a 7 ½ to 15 year offer presented by the Commonwealth; and 6) appellate counsel was ineffective for inducing defendant to withdraw his direct appeal. PCRA Petition at p. 3; Exhibit A to PCRA Petition at pp. 2-3. In his *Pro Se* Amended Petition, defendant raised the additional claims that: 1) the assistant district attorney engaged in prosecutorial misconduct; and 2) ineffective assistance of PCRA counsel for failing to address defendant's prosecutorial misconduct claim. *Pro Se* Amended Petition at pp. 3-4. Finally, in defendant's 907 Response, defendant raised the additional claim that appellate counsel was ineffective for failing to apprise defendant that he would waive his appellate claims should he discontinue his appeal. 907 Response at pp. 7-8.

In his *Finley* Letter and Supplemental *Finley* Letter, Mr. Lloyd stated his opinion that defendant's claims had no arguable merit. After an independent review of the record, the Court agrees with Mr. Lloyd. Each of defendant's PCRA appellate claims is considered below.

Initially, the Court notes that defendant raises multiple claims which could have been raised on direct appeal. Although defendant initially filed a direct appeal, he subsequently elected to discontinue the appeal in its entirety.[5] Therefore, all claims that could have been raised on direct appeal have been waived for purposes of the PCRA. 42 Pa.C.S. § 9544(b) (issue is waived if petitioner failed to raise it and it could have been raised before trial, at trial, on appeal, in habeas corpus proceeding, or in prior proceeding under the PCRA). However, because defendant alleges the ineffective assistance of direct appeal counsel in advising defendant to

---

[5] In the discontinued direct appeal, defense counsel filed a Statements of Matters Complained of on Appeal challenging the Court's denial of defendant's: 1) request to withdraw his guilty plea; 2) motion to suppress; and 3) motion for trial continuance. However, in his brief on appeal, counsel did not challenge the decision on the suppression motion.

6

discontinue his direct appeal, these claims are addressed on their merits to the extent necessary to analyze appellate counsel's alleged ineffectiveness.

Several of defendant's claims are premised upon his contention that he received ineffective assistance of counsel. Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008).

*A. Ineffective Assistance of Appellate Counsel*

Defendant raises two claims concerning the effectiveness of appellate counsel John Belli. First, defendant asserts that Mr. Belli was ineffective "by stating in a letter to [defendant] that

7

he…recommends that [defendant] withdraw his direct appeal or [defendant] would receive a more severe sentence that (sic) what was imposed by [the Court]." Statement of Errors at ¶ 12. This claim is without merit.

Following sentencing, Mr. Belli was appointed to represent defendant on appeal. On September 25, 2012, Mr. Belli filed a timely notice of appeal and, after complying with this Court's Rule 1925(b) Order, filed a timely appellate brief in the Superior Court on January 3, 2013. *See* Supplemental *Finley* Letter Exhibit A. Also on January 3, 2013, Mr. Belli sent defendant a copy of the appellate brief, as well as a letter recommending defendant withdraw his appeal and stating his reasons for not addressing defendant's motion to suppress. Supplemental *Finley* Letter Exhibit B. Mr. Belli stated that, in his opinion, should defendant's appeal be successful, the Superior Court would grant defendant a new trial at which defendant would be convicted of the crimes to which he plead guilty and that he would receive a sentence far greater than his current sentence. *Id.* On January 7, 2013, defendant acknowledged the receipt of his brief and asked Mr. Belli if he would be "entitled to a new suppression hearing" should the Superior Court grant his appeal. Supplemental *Finley* Letter Exhibit C. On January 15, 2013, Mr. Belli responded that defendant would not receive a new suppression hearing. Supplemental *Finley* Letter Exhibit D. On January 30, 2013, defendant contacted Mr. Belli, informing Mr. Belli that he had "decided to let the appeal in this matter run it's (sic) course." Supplemental *Finley* Letter Exhibit E. However, on February 11, 2013, defendant again contacted Mr. Belli and stated that, "after further consideration and your advisement" he wished to withdraw his appeal. Supplemental *Finley* Letter Exhibit F. Mr. Belli subsequently filed a Praecipe for Discontinuance on February 28, 2013 and defendant's appeal was withdrawn. Supplemental *Finley* Letter Exhibit A.

The record establishes that defendant elected to withdraw his appeal after having received excellent legal advice from appellate counsel. For the reasons stated in this Court's 1925(a) Opinion in defendant's direct appeal, none of defendant's potential appellate issues were likely to result in any relief from a higher court. Moreover, as aptly pointed out to defendant by appellate counsel, a successful appeal would, at best, have resulted in a remand for a trial at which it would have been virtually certain that defendant would be convicted. The evidence against him was truly overwhelming. Defendant was caught shortly after the robbery with not only the cash taken from the CVS, but also the register's till slip, conclusively showing that the proceeds of the robbery were in his possession. The CVS cashier positively identified him as the assailant. No reasonable factfinder would fail to find him guilty. In addition, as appellate counsel clearly recognized, defendant was very likely to receive a greater sentence following a retrial than the generous negotiated sentence that accompanied his guilty plea. The negotiated sentence of 10 to 20 years was the mandatory minimum second strike sentence, and was, therefore, the lowest sentence permissible under the law. Accordingly, defendant cannot demonstrate that he was prejudiced by Mr. Belli's advice. As Mr. Belli had a reasonable basis for advising defendant to withdraw his appeal, and as defendant was not prejudiced by doing so, Mr. Belli was not ineffective for advising defendant to withdraw his direct appeal. *Miller*, 987 A.2d 648.

Defendant also asserts that Mr. Belli was ineffective for failing to "fully appraise [defendant] about the appellate waiver rule, or that [defendant] lose's (sic) his constitutional right to raise the direct appeal claims…." Statement of Errors at ¶ 13. This claim is without merit. As stated above, after receiving excellent legal advice from appellate counsel, defendant voluntarily agreed not pursue his legal arguments on appeal. Defendant does not aver, and it would be

absurd to conclude, that defendant was under the misimpression that he could discontinue his appeal, but still raise the same claims at a later time in a collateral proceeding. Moreover, since the advice from counsel to withdraw the appeal was eminently reasonable, defendant cannot establish that he was somehow prejudiced by appellate counsel's alleged failure to advise defendant that he could not change his mind and reassert the withdrawn issues in a subsequent PCRA petition. No relief is due.

*B. Errors Concerning Plea Negotiation*

Defendant asserts that the Court "tainted the plea agreement negotiation process by interjecting in plea discussions, actively persuading the district attorney and trial counsel, suggesting what direction to take to negotiate a plea agreement that [defendant] would plead guilty to." Statement of Errors at ¶ 1. This claim is waived as it could have been, but was not, raised on direct appeal. 42 Pa.C.S. § 9544(b); *see Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001). However, defendant further alleges that trial counsel was ineffective by participating in this negotiation and conspiring with the Court and assistant district attorney "to induce [defendant] into a unlawful plea agreement." Statement of Errors at ¶ 3. This claim is without merit.

The factual predicate for defendant's claim is belied by the record. At no time did the Court attempt to negotiate a plea agreement. In *Missouri v. Frye*, 132 S.Ct. 1399 (2012), the United States Supreme Court held that failure to communicate a plea offer to a criminal defendant could give rise to a claim of ineffective assistance of counsel. Since that case was decided, this Court has followed a practice of placing on the record any pretrial offer to a defendant to insure that the mandate of *Frye* is followed. Accordingly, on March 13, 2012, prior to the beginning of the hearing on defendant's motion to suppress, the Court conducted a

10

colloquy with defendant to insure that he was aware of, and had rejected, all pretrial plea offers. During that colloquy, the Court clearly communicated to defendant that the purpose of the colloquy was to be sure that defendant was aware of the offer and not to put any pressure whatsoever on defendant to plead guilty:

> [The Court]: This is not in an effort to talk you into taking the deal. You're entitled to a trial. If I'm not trying your case, I'm trying someone else's case. I want you to understand, there's no pressure on you to do anything other than go to trial, if that's what you want to do, okay?
>
> [Defendant]: I understand, Your Honor.

During that colloquy, the Commonwealth indicated that it had offered to recommend that defendant be sentenced to a period of 7½ to 15 years incarceration in exchange for his guilty plea. N.T. 3/13/12 at 8. The Commonwealth also stated that it had previously offered a deal of 5 to 10 years. N.T. 3/13/12 at 11-12. Defendant rejected these offers and the Court proceeded with the suppression hearing. N.T. 3/13/12 at 11-13. At the conclusion of the hearing, the Court denied defendant's motion to suppress and stated that a jury trial would commence as soon as a jury panel could be obtained. N.T. 3/13/12 at 55-59.

On March 16, 2012, defendant's jury trial was about to begin. Defendant has consistently argued that the Court's involvement in plea negotiations took place that morning at the beginning of court.[6] However, the record demonstrates that while the Court discussed an agreement with the attorneys, the agreement at issue was to proceed with a waiver trial in lieu of a jury trial, and not a negotiated agreement to plead guilty. Specifically, the parties presented an agreement to the Court that defendant would agree to waive his right to a jury trial in exchange for an agreed

---

[6] Specifically, defendant cites to N.T. 3/16/12 at 2-12. *See* Pro Se Petition, Exhibit A; 907 Response.

11

upon sentence of ten to twenty years incarceration should he be found guilty at the waiver trial. N.T. 3/16/12 at 2-6. The Court rejected that agreement and the matter was set to continue to trial before a jury. N.T. 3/16/12 at 11-12. The Court's decision to refuse to conduct a waiver trial in exchange for an agreed upon sentence was a proper exercise of discretion and not an effort to coerce defendant into pleading guilty. *See* Pa.R.Crim.P. 620 (defendant and the Commonwealth may waive a jury trial "with approval by a judge of the court in which the case is pending"); *Commonwealth v. Sanchez*, 36 A.3d 24, 55 (Pa. 2011) (criminal defendant has no cognizable right to a bench trial). While the Court stated that it would accept the negotiated sentence as part of a negotiated guilty plea, the Court did not participate in plea negotiations, and did not threaten defendant or otherwise attempt to coerce him into pleading guilty. *Cf. Commonwealth v. McNeal*, 120 A.3d 313, 318 & n.1 (trial judge acted improperly where he "negotiated with the attorneys" in arriving at a pretrial offer, and criticized the defendant for rejecting the deal).

Accordingly, defendant's claim that the Court interjected itself into plea negotiations is factually incorrect. Because the Court did not participate in plea negotiations, defendant's claim that trial counsel was ineffective for participating in such negotiations is completely without merit.

The record also belies defendant's related claim that his counsel was ineffective for conspiring to induce defendant to plead guilty. "Allegations of ineffectiveness [of counsel] in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [a defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999). The record establishes that the Court conducted an extensive colloquy with defendant to determine whether defendant was making a knowing, voluntary, and intelligent plea. N.T. 3/16/12 at 68-81. Defendant stated that he was 47

12

years old, had obtained his GED, understood English, and was not under the influence of any drugs at the time of his plea. N.T. 3/16/12 at 71-72. The Court fully informed defendant of the rights he was giving up as a result of his guilty plea, as well as the maximum sentence which could be imposed should he be found guilty of the charged crimes before a jury.[7] N.T. 3/16/12 at 72-76. The evidence presented at the suppression hearing was incorporated for purposes of establishing a factual basis for the guilty plea and defendant stated that he agreed with the substance of the facts. N.T. 3/16/12 at 77-78. Defendant further stated that, other than the agreement for a recommended sentence of ten to twenty years, no other promises, threats, or force were used to get him to plead guilty and that he was so pleading under his own free will. N.T. 3/16/12 at 80-81. Accordingly, the circumstances of defendant's plea clearly demonstrate that defendant entered into a knowing and voluntary plea agreement and that defendant's claim that trial counsel induced defendant to plead guilty is without merit.

Defendant further claims on appeal that PCRA counsel was ineffective for failing to address defendant's claim of court interference in the plea negotiations and trial counsel's ineffectiveness for participating in plea negotiations with the Court. Statement of Errors at ¶¶ 10, 14. Because, for the reasons stated above, this claim has no factual basis, PCRA counsel could not have been ineffective for failing to raise it. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("[c]ounsel will not be deemed ineffective for failing to raise a meritless claim"). Moreover, a review of the *Finley* Letter reveals that PCRA counsel did address defendant's

---

[7] It appears that defendant may be claiming that he was coerced into pleading guilty by being informed of the maximum sentences that he could face upon conviction of the charges. Any such argument is frivolous. It is well-established that the trial court is *required* to inform defendant of the maximum sentence to which he would be exposed, and that failure to do so would render a plea to be involuntary. *See Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005).

claims and determined that defendant's claims were without merit. *Finley* Letter at pp. 11-13. No relief is due.

### C. *Errors Concerning Court Coercion*

Defendant asserts that the Court "tainted the plea agreement negotiation process by actively persuading, advising, and threatening [defendant], placing [him] under duress to take the Commonwealth's offered plea agreement proposal or face a more severe sentence." Statement of Errors at ¶ 2. This claim is waived as defendant could have, but did not raise this matter in his discontinued direct appeal and has not alleged that appellate counsel was ineffective for failing to raise this claim on direct appeal. 42 Pa.C.S. § 9544(b); *Lambert*, 797 A.2d at 240.

Defendant also asserts that trial counsel was ineffective for failing to "intervene or object or preserve the record" regarding the Court's alleged duress. Statement of Errors at ¶ 4. For the reasons stated above, the record demonstrates that the Court at no time attempted to coerce defendant into pleading guilty. Accordingly, any derivative claim based upon counsel's handling of such coercion is meritless.

### D. *Errors Concerning Denial of Defendant's Motion for Trial Continuance*

Defendant asserts that the Court erred in denying defendant's "request that the start of his trial be continued so that he could prepare to represent himself at trial." Statement of Errors at ¶ 8. Because this claim could have been raised on direct appeal, and defendant discontinued that appeal, the claim is waived.[8] 42 Pa.C.S. § 9544(b). Defendant further asserts that PCRA counsel was ineffective for failing to "address the claim that the court induced [defendant] into an unlawful plea when the court denied [defendant's] request for a continuance..." Statement of

---

[8] In any event, the Court previously addressed defendant's claim that the Court erred in denying his motion to continue the trial in its 1925(a) Opinion filed in defendant's subsequently discontinued direct appeal. Trial Court Opinion, filed 12/12/12 at pp. 4-6. For all of the reasons set forth therein, the continuance was properly denied and any derivative claims of ineffective assistance of counsel premised upon that decision are meritless.

14

Errors at ¶ 11. However, defendant never asserted in his 907 Response or elsewhere that PCRA counsel was ineffective for failing to raise this claim. Because defendant's claim was never raised before the trial court, it has been waived for purposes of appeal. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014).

### E. Errors Concerning Defendant's Request to Withdraw his Guilty Plea

Defendant asserts that the Court erred "by denying [defendant's] pre-sentencing request to withdraw his guilty plea because the law is clear that such request should be liberally granted. Where as here [defendant] stated that he was innocent and was coerced by the court into pleading guilty by threat that he would be subject to the two strike law…." Statement of Errors at ¶ 5. Because this claim could have been raised on direct appeal, and defendant discontinued that appeal, the claim is waived.[9] 42 Pa.C.S. § 9544(b).

Defendant further asserts that the Commonwealth "failed to give evidence to show that [it] would be substantially prejudiced" by permitting defendant to withdraw his guilty plea and that the assistant district attorney engaged in misconduct when she "gave a false statement to the court which caused the court to act off the false statement by denying [defendant's] request to withdraw his guilty plea." Statement of Errors at ¶¶ 6-7. These claims are waived as defendant could have, but did not, raise them on appeal. 42 Pa.C.S. § 9544(b); *Lambert*, 797 A.2d at 240.

### F. Ineffective Assistance of PCRA Counsel

Defendant asserts that PCRA counsel was ineffective for failing "to address all the claims raised to be reviewed in [defendant's *Pro Se* Petition and *Pro Se* Amended Petition]." Statement of Errors at ¶ 9. This claim is without merit. Defendant presented six claims of error in his *Pro*

---

[9] In any event, the Court previously addressed defendant's claim that the Court erred in denying his motion to withdraw his guilty plea in its 1925(a) Opinion filed in defendant's subsequently discontinued direct appeal. Trial Court Opinion, filed 12/12/12 at pp. 6-9. For all of the reasons set forth therein, the motion was properly denied and any derivative claims of ineffective assistance of counsel premised upon that decision are meritless.

15

*Se* Petition and an additional two claims in his *Pro Se* Amended Petition. PCRA counsel addressed each of these claims in his *Finley* Letter and Supplemental *Finley* Letter. As PCRA counsel did address defendant's claims, no relief is due.

### G. Court Error for Failing to Recuse Itself

Finally, defendant asserts that the Court's "impartiality was clearly in question" and that the Court erred by failing to recuse itself "from PCRA proceedings to guarantee [defendant] a fair and impartial appeal process." Statement of Errors at ¶ 15. This claim is without merit.

On January 31, 2014, defendant filed a Petition to Remove PCRA Judge, alleging that the Court had "demonstrated [its] partiality, personal motives, and bias" against defendant by "interject[ing] [its] personal opinion with the district attorney and defense counsel in conjunction with a plea agreement/negotiation process in open court" and that the Court, therefore, should recuse itself from considering defendant's PCRA petition. Recusal Petition at ¶¶ 6, 9. This claim is without merit.

"A party that seeks recusal of a judge bears the burden to produce evidence establishing bias, prejudice, or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011) (internal citations and quotations omitted). Denial of a motion to recuse is reviewed for an abuse of discretion. *Id.* Additionally, "it is preferable for the judge who presided at trial to preside over any post-sentence proceedings [as his or her] familiarity with the case will likely assist the proper administration of justice." *Id.*

For the reasons set forth in Section III.B. above, the Court did not interject itself into plea negotiations with the parties or interfere in any manner with the negotiations between defense counsel and the prosecutor. Nothing in the record supports defendant's contention that the Court

16

was biased, prejudiced, or unfair to defendant. Therefore, defendant's claim that the Court erred by refusing to recuse itself is without merit.

## IV. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing Defendant's PCRA petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J