983 A.2d 1207

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ronald ROMPILLA, Appellant.**

Supreme Court of Pennsylvania.

Submitted on Briefs Sept. 17, 2009.

Decided Nov. 19, 2009.

Tommaso V. Lonardo, Brian J. Collins, Worth Magee & Fisher, P.C., Allentown, for Ronald Rompilla, appellant.

James Bernard Martin, Bethany Spear Zampogna, Lehigh County District Attorney's Office, Amy Zapp, PA Office of Atty. Gen., Stephen M. Van Natten, for Com. of Pennsylvania, Appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## OPINION

Chief Justice CASTILLE.

This is an appeal from the judgment of sentence of life imprisonment imposed by the Court of Common Pleas of Lehigh County ("trial court"), per then-President Judge Alan M. Black for, *inter alia*, first-degree murder. The sentence was imposed pursuant to a sentencing agreement that was reached after the U.S. Supreme Court granted appellant federal *habeas corpus* relief from his prior death sentence and ordered a new penalty hearing. The appeal was placed on this Court's docket following transfer from the Superior Court, where appellant filed his notice of appeal from the judgment of sentence. For the reasons that follow, we transfer the appeal to the Superior Court.

This matter has now entered its third decade of litigation. Appellant was first convicted by a jury on November 1, 1988, after trial before the Honorable David E. Mellenberg, of first-degree murder, burglary, criminal trespass, robbery, and two counts each of theft and receiving stolen property. The convictions arose from the fatal stabbing of Allentown bar owner James Scanlon.[1] After a penalty hearing, the jury

1. The facts underlying appellant's convictions are set forth in detail in *Commonwealth v. Rompilla*, 539 Pa. 499, 653 A.2d 626 (1995).

found three aggravating circumstances and one mitigating circumstance and sentenced appellant to death after finding that the aggravators outweighed the mitigator.[2] *See* 42 Pa. C.S. § 9711(c)(1)(iv) ("[T]he verdict must be a sentence of death if the jury unanimously finds ... one or more aggravating circumstances which outweigh any mitigating circumstances."). On January 23, 1995, this Court unanimously affirmed appellant's convictions and death sentence on direct appeal. *Commonwealth v. Rompilla*, 539 Pa. 499, 653 A.2d 626 (1995).

On December 5, 1995, appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, alleging, *inter alia*, that trial counsel was ineffective for failing to present significant mitigating evidence about appellant's childhood, mental capacity and health, and alcoholism. On August 21, 1996, the trial court denied relief, and this Court affirmed on appeal on December 10, 1998. *Commonwealth v. Rompilla*, 554 Pa. 378, 721 A.2d 786 (1998).

Thereafter, appellant filed a petition for a writ of *habeas corpus* in the U.S. District Court for the Eastern District of Pennsylvania, raising eleven claims including the claim of deficient investigation and presentation of mitigating evidence on the part of trial counsel. The District Court denied relief on appellant's guilt-phase claims but granted penalty relief based on appellant's ineffective penalty-investigation-and-presentation claim, holding that this Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to the claim. The Commonwealth appealed the grant of penalty relief to the U.S. Court of Appeals for the Third Circuit, and appellant cross-appealed the denial of

---

2. The aggravating circumstances that the jury found were: (1) appellant committed the killing while in the perpetration of a felony (*i.e.*, robbery), 42 Pa.C.S. § 9711(d)(6); (2) appellant committed the offense by means of torture, 42 Pa.C.S. § 9711(d)(8); and (3) appellant had a significant history of violent felony convictions, 42 Pa.C.S. § 9711(d)(9). The mitigating circumstance that the jury found was the so-called catch-all mitigator, 42 Pa.C.S. § 9711(e)(8) ("[a]ny other evidence of mitigation concerning the character and record of the defendant and the circumstances of his offense"), namely, the facts that appellant's son testified on his behalf and that rehabilitation was thought to be possible.

guilt-phase relief. In an opinion authored by then-Circuit Judge, now U.S. Supreme Court Justice Samuel A. Alito, Jr., a divided panel of the Third Circuit reversed the grant of penalty relief on January 13, 2004. *Rompilla v. Horn,* 355 F.3d 233 (3d Cir.2004). After granting *certiorari,* the U.S. Supreme Court, in a 5–4 decision authored by Justice David H. Souter, reversed the Third Circuit on June 20, 2005, and, based upon the same penalty claim deemed meritorious by the District Court, remanded the matter to the Court of Common Pleas of Lehigh County for a new penalty hearing. *Rompilla v. Beard,* 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).[3]

Prior to appellant's rehearing, President Judge Black became aware that appellant had never been sentenced by Judge Mellenberg for any of the non-capital offenses of which he was convicted in 1988 along with the first-degree murder charge. Appellant then filed a motion for immediate sentencing in which he waived his right to challenge his ultimate sentences on the non-capital offenses based on the fact of the Commonwealth's failure to request timely sentencing. *See* Pa. R.Crim.P. 704(A)(1) (requiring generally that sentences be imposed within 90 days of conviction or entry of plea of guilty or *nolo contendere*). Judge Black, however, declined to sentence appellant for the non-capital offenses prior to completion of the penalty rehearing for the first-degree murder conviction.

The day before selection of the penalty jury was to begin, Judge Black received notice that appellant had reached a sentencing agreement with the Commonwealth. Specifically, the Commonwealth agreed not to seek the death penalty in exchange for appellant's agreement to: (1) accept a life sentence for his first-degree murder conviction as well as two consecutive maximum sentences of ten to twenty years' im-

---

**3.** Among the five Justices in the Majority in *Rompilla v. Beard* was former Justice Sandra Day O'Connor, who authored a concurring opinion in the High Court's 5–4 decision. As Judge Black noted in his Pa.R.A.P. 1925(a) opinion, Justice O'Connor soon thereafter retired and was replaced by Justice Alito, the author of the opinion that would have left intact both appellant's conviction and his death sentence.

prisonment for his robbery and burglary convictions; and (2) waive his post-sentence and appellate rights with respect to these sentences, including the right to seek clemency. Thereafter, appellant signed and submitted to the court a lengthy written colloquy detailing the terms of the sentencing agreement. A lengthy oral colloquy was conducted with appellant, after which Judge Black, in conformity with the agreement, sentenced appellant on August 13, 2007 to life imprisonment and two consecutive prison terms of ten to twenty years.

Notwithstanding the above agreement, appellant filed a post-sentence motion challenging his August 13, 2007 judgment of sentence. Noting that appellant specifically waived his appellate rights in the sentencing agreement, Judge Black dismissed the motion, and appellant filed a notice of appeal from the judgment of sentence in the Superior Court on September 12, 2007. In his Pa.R.A.P. 1925(a) opinion, Judge Black set forth his findings that appellant knowingly entered into the sentencing agreement and that he "received a valuable *quid pro quo* from the Commonwealth in that the Commonwealth spared him a trial before a jury that may well have imposed the death penalty, as did the jury that had previously heard this case." Trial Ct. Op., 10/22/07, at 4; *see also id.* at 5 (noting that "[d]ue process does not mean perpetual process over and over and over again"). On April 25, 2008, the Superior Court transferred the appeal to this Court, where, on July 10, 2008, it was entered on our docket.

Ostensibly, appellant raises the following three issues:

(A) Did the trial court err, by not setting aside the jury verdict?

(B) Did the trial court err, by sentencing Appellant for Robbery and Burglary approximately 19 years after the original jury conviction?

(C) Should the "Written Agreement Colloquy" be found null and void because it is unconstitutional?

Statement of Questions Involved, Appellant's Brief at 4. The argument section of appellant's brief, however, is composed of various disjointed assertions unsupported by citation to legal

authority. In particular, appellant asserts that, because he was not sentenced on the robbery and burglary convictions until August 13, 2007, those sentences are illegal and he was never afforded the right to a direct appeal from those convictions. In addition, appellant asserts that the sentencing agreement is invalid because it required him to waive his appellate rights and because, by requiring him to waive his right to seek clemency, it impermissibly bound the Governor, who was not a party to the agreement. Appellant also summarily challenges the sufficiency of the evidence in support of his convictions.

Appellant's failure to adequately develop his arguments or support his bald assertions with sufficient citation to legal authority impedes meaningful judicial review of his claims. Nevertheless, we will not pass upon appellant's claims because we find, for the reasons set forth below, that the Superior Court is the proper forum to hear this non-capital appeal.

Pursuant to Section 742 of the Judicial Code, "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S. § 742. Notwithstanding Section 742, Section 9711 of the Code provides, in pertinent part, that "[a] sentence of death shall be subject to automatic review by the Supreme Court of Pennsylvania pursuant to its rules." 42 Pa.C.S. § 9711(h)(1).

In the Statement of Jurisdiction section of his Brief, appellant cites *Commonwealth v. Collins*, 585 Pa. 45, 888 A.2d 564 (2005) as support for this Court's jurisdiction over his appeal from the judgment of sentence.[4] *See* Pa.R.A.P. 2114 ("The statement of jurisdiction shall contain a precise citation to the

4. Appellant also cites Pennsylvania Rule of Appellate Procedure 751(a), which permits the transfer of a matter "to the proper court of this Commonwealth" if "an appeal or other matter is taken to or brought in a court ... which does not have jurisdiction." Rule 751(a), of course, is not relevant to the question of this Court's jurisdiction over the instant appeal.

statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination in question."). In *Collins*, after the appellant's execution had already been scheduled, the appellant secured a stay and ultimately filed a PCRA petition challenging his first-degree murder conviction and death sentence. The PCRA court denied guilt-phase relief but granted Collins a new penalty hearing, and both the Commonwealth and Collins appealed. Before proceeding to the merits, we noted that

> this [C]ourt has jurisdiction over Appellant's petition as a direct appeal from the denial of post conviction relief in a death penalty case. 42 Pa.C.S. § 9546(d). Additionally, this court has jurisdiction to review the denial of Appellant's guilt phase claims even though the PCRA court vacated Appellant's sentence of death. *See Commonwealth v. Bryant*, 566 Pa. 307, 780 A.2d 646, 648 (2001) (indicating that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court).

*Collins*, 888 A.2d at 568.

In *Bryant*, upon which *Collins* relied, the appellant had been sentenced to death and was granted a new penalty hearing by the PCRA court but was denied guilt-phase relief. Bryant appealed to the Superior Court from the denial of guilt-phase relief. The Commonwealth did not file a cross-appeal from the grant of penalty-phase relief but instead requested that the penalty rehearing be stayed pending Bryant's appeal, and that request was granted. Thereafter, Bryant moved to transfer his appeal to this Court pursuant to Section 9546(d) of the PCRA, which provides that a final court order under the PCRA "in a case in which the death penalty has been imposed shall be directly appealable only to the Supreme Court." 42 Pa.C.S. § 9546(d). The Superior Court denied Bryant's motion to transfer. After granting allowance of appeal, we ultimately vacated the Superior Court's order, reasoning as follows:

Byrant [sic] correctly asserts that the legislature did not require that the sentence of death actually be pending in order for this Court to have jurisdiction. Thus, this case remains one "in which the death penalty has been imposed" and, based on the plain meaning of the statute, the appeal is properly to this Court.

*Bryant,* 780 A.2d at 648.

The statutory reference to a "sentence of death," which vests jurisdiction in this Court, plainly does not encompass cases in which the death penalty was imposed at one time but subsequently was vacated and a judgment of sentence of life imprisonment was imposed. The sentence in this case is life imprisonment, not death. Our capital appeal jurisdiction simply does not exist for a defendant such as appellant who is actually unaggrieved by the murder sentence below, and who seeks to litigate collateral complaints when the life/death outcome could not have been better for him.

Both *Collins* and *Bryant* plainly are inapplicable as they did not involve appeals from judgments of sentence of a punishment short of death. Instead, both were PCRA appeals where penalty retrials were pending, and the prospect of a sentence of death remained. The sentence under review here is life imprisonment; jurisdiction over the appeal lies in the Superior Court.

For the foregoing reasons, we conclude that this Court lacks direct appeal jurisdiction over appellant's appeal from the judgment of sentence, which rendered a penalty other than death. Accordingly, this appeal is transferred to the Superior Court for disposition.

Jurisdiction relinquished.

Justices SAYLOR, EAKIN and BAER, Justice TODD, Justice McCAFFERY and Justice GREENSPAN join the opinion.