**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESLEY COOK | : | |
| | : | |
| Appellant | : | No. 290 EDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0113571-1982

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM PER CURIAM: Filed: May 20, 2021

Mumia Abu-Jamal, formerly known as Wesley Cook, appeals from the orders denying his first four petitions under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, after his appellate rights for all four petitions were reinstated *nunc pro tunc* pursuant to his fifth PCRA petition. Abu-Jamal claims that the prior PCRA courts erred in denying his first four petitions on various grounds.[1] Abu-Jamal has also filed a petition for remand to the PCRA court, asserting that evidence turned over by the Commonwealth during the pendency of this appeal requires a new hearing. Finally, Maureen

---

[1] Abu-Jamal does not re-raise all of the arguments that were presented in his previous PCRA petitions. Rather, he has re-raised "the claims and arguments that most clearly demonstrate that his trial was fundamentally unfair and violated his rights pursuant to the United States and Pennsylvania Constitutions." Appellant's Brief, at 8.

Faulkner, the widow of Officer Daniel Faulkner who was the victim of the homicide Abu-Jamal has been convicted of committing, asks us to allow her to intervene in this appeal. Based on the following, we conclude the Supreme Court of Pennsylvania has exclusive jurisdiction over these appeals. We therefore transfer this appeal, Maureen Faulkner's application to intervene, and Abu-Jamal's application for remand to the Supreme Court of Pennsylvania.

A jury convicted Abu-Jamal of the first-degree murder of Officer Faulkner on July 2, 1982. The next day, the jury sentenced Abu-Jamal to death. The Supreme Court of Pennsylvania unanimously affirmed Abu-Jamal's judgment of sentence in 1989, and the Supreme Court of the United States denied Abu Jamal's petition for a writ of certiorari in 1990.

Abu-Jamal filed PCRA petitions in 1995, 2001, 2003, and 2009. In each instance, the PCRA court denied any relief on the petitions. Important to this appeal, the appeals from those denials all went directly to the Supreme Court of Pennsylvania, as Abu-Jamal was then subject to a sentence of death. *See* 42 Pa.C.S.A. § 9711(h)(1). Subsequently, however, Abu-Jamal was re-sentenced to a term of life in prison without parole. This Court affirmed the life in prison sentence on appeal. *See Commonwealth v. Abu-Jamal*, 3059 EDA 2012, 2013 WL 11257188 (Pa. Super. July 9, 2013) (unpublished memorandum).

In 2016, Abu-Jamal filed his fifth PCRA petition seeking the reinstatement of his appellate rights from his first four PCRA petitions pursuant to **Williams v. Pennsylvania**, 136 S.Ct. 1899 (2016). There, a Philadelphia jury convicted Terrance Williams of first-degree murder in 1986 and sentenced him to death. At the time, the Honorable Ronald Castille was the District Attorney of Philadelphia, and provided written authorization for the Assistant District Attorney in charge to seek the death penalty for Williams. In 2012, Williams filed a PCRA petition seeking, among other things, a new penalty-phase trial. After the PCRA court granted Williams a new penalty-phase trial, the Supreme Court of Pennsylvania, led by then Chief Justice Castille, reversed and reinstated the death penalty. The Court denied Williams's motion for recusal of the Chief Justice based upon his participation in the prosecution of Williams, and Chief Justice Castille penned a concurrence which strongly condemned the history of Williams's counsel, the Federal Community Defender Office.

Williams appealed to the Supreme Court of the United States, which analyzed Chief Justice Castille's participation in reviewing the Commonwealth's appeal from the PCRA court's order granting a new penalty-phase trial. The Court held that Chief Justice Castille's failure to recuse himself from the review of the Commonwealth's appeal "presented an unconstitutional risk of bias." **See Williams**, 136 S.Ct. at 1907. The Supreme Court of the United States therefore vacated the Supreme Court of Pennsylvania's decision,

and remanded the matter for the Pennsylvania Supreme Court to reconsider the appeal without the participation of Chief Justice Castille. ***See id.***, at 1910.

Here, the PCRA court initially ordered the Commonwealth to produce its complete case-file for review. After conducting that review, the court denied Abu-Jamal's request for reinstatement of his appellate rights under ***Williams*** by concluding that he failed to establish that then District Attorney Castille had significant involvement in a critical decision in Abu-Jamal's prosecution. However, the PCRA court found that Abu-Jamal had satisfied another exception to the PCRA's time-bar by presenting a 1990 letter from then District Attorney Castille to the Governor of Pennsylvania, urging the Governor to "send a clear and dramatic message to all police killers that the death penalty in Pennsylvania actually means something." PCRA Court Opinion, 12/27/2018, at 30-3. The PCRA court found that this letter constituted newly discovered evidence that raised an appearance of bias and impropriety, and therefore ordered Abu-Jamal's appellate rights with respect to his first four PCRA petitions be reinstated.

The PCRA court subsequently ordered Abu-Jamal to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Our review of the PCRA court's docket does not reveal any response to this order. Nevertheless, the PCRA court provided this Court with a detailed opinion in support of its order.

Several days after the PCRA court's order denying in part and granting in part relief on Abu-Jamal's petition, the Commonwealth notified the court that it discovered previously undisclosed boxes of its Abu-Jamal case-file. Abu-Jamal subsequently filed the instant appeal. After receiving several extensions to the briefing schedule, Abu-Jamal filed his appellate brief in conjunction with an application for a remand to raise claims based upon evidence contained in the newly disclosed boxes.

Shortly thereafter, Maureen Faulkner filed an application to intervene in this appeal. This Court denied her application. Maureen Faulkner subsequently filed a King's Bench petition with the Supreme Court of Pennsylvania, seeking removal of the Philadelphia District Attorney's Office based on claims of bias and conflict of interest. The Supreme Court exercised its King's Bench jurisdiction and directed that all proceedings below, including the instant appeal, be stayed, but ultimately concluded Maureen Faulkner had failed to establish grounds to remove the Philadelphia District Attorney's Office from prosecuting this appeal. Once the King's Bench jurisdiction had been relinquished, Maureen Faulkner once again filed an application to intervene in this Court, arguing that the Supreme Court of Pennsylvania's exercise of its King's Bench jurisdiction established that she was entitled to intervene in this appeal.

In the meantime, this Court had directed the parties to show cause why this Court should exercise jurisdiction over this appeal instead of transferring

it to the Supreme Court. Both parties responded by indicating they had no objection to a transfer to the Supreme Court of Pennsylvania.

Prior to addressing any of the substantive or procedural issues before us, we must determine whether we have jurisdiction over this appeal. *See Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014). Our analysis starts with the observation that the appeals reinstated by the PCRA court all originally went directly to the Supreme Court of Pennsylvania; this Court had no involvement. "An award of *nunc pro tunc* relief is intended to put the petitioner in the same position he or she was in just prior to the alleged constitutional deprivation." *Commonwealth v. Koehler*, 229 A.3d 915, 931 (Pa. 2020) (citation omitted). At the time of the original appeals, this Court had no jurisdiction to review them. Therefore, the PCRA court's reinstatement of these appeals does not invoke this Court's jurisdiction.

We acknowledge that the PCRA court's order directed Abu-Jamal to file his reinstated appeal in this Court. Further, since Abu-Jamal is no longer facing the death penalty, the Supreme Court of Pennsylvania's death penalty jurisdiction no longer controls the appellate process. *See Commonwealth v. Rompilla*, 983 A.2d 1207 (Pa. 2009) (concluding the Superior Court had jurisdiction over an appeal filed by appellant whose original death sentence had been vacated and reduced to a sentence of life in prison).

However, we conclude that it is *Koehler*, and not *Rompilla*, that controls the procedural posture of this case. This is not an appeal from a new

proceeding, such as the re-sentencing that occurred in **Rompilla**. Instead, this is a *nunc pro tunc* appeal of prior decisions where appellate rights were reinstated through the PCRA court's order after it concluded that Abu-Jamal's prior appeals were tainted by an appearance of bias. Therefore, we must put Abu-Jamal in the same position he was in just prior to the alleged constitutional violation. As the Supreme Court noted in **Koehler**, it is the only judicial institution that can overturn its previous precedent. **See Koehler**, 229 A.3d at 938. Abu-Jamal's prior appeals of his PCRA petitions were never heard in this Court, and we have no authority to issue a decision in conflict with the decisions reached by our Supreme Court in those appeals. Accordingly, we transfer this appeal to the Supreme Court of Pennsylvania. Similarly, we transfer the associated application for intervention and application to remand to the Supreme Court for its consideration.

Appeal transferred to the Supreme Court. Application for remand transferred to the Supreme Court. Application for Intervention transferred to the Supreme Court. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21