J-S06005-21
J-S06006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                      :

         v.                         :
                                        :

DERRICK RAGAN                :
                                        :
             Appellant      :      No. 507 EDA 2020

Appeal from the Judgment of Sentence Entered March 18, 1992
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0926161-1990

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                        :

         v.                         :
                                        :

DERRICK RAGAN                :
                                        :
             Appellant      :      No. 508 EDA 2020

Appeal from the PCRA Order Entered May 18, 1998
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0926161-1990

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:               Filed: June 10, 2021

      The Court of Common Pleas of Philadelphia County granted Derrick

Ragan's third petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa. C.S.A. §§ 9541-9546, which sought relief pursuant to ***Williams v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Pennsylvania,* 136 S.Ct. 1899, 1908-1909 (2016) (holding that a defendant's due process rights are violated when a judge in the defendant's judicial proceedings had an earlier "significant, personal involvement as a prosecutor in a critical decision in the defendant's case"). Specifically, the PCRA court reinstated both Ragan's direct appeal and collateral appeal rights *nunc pro tunc*, in what was a death penalty case at the time relief was granted. Ragan has separately filed his reinstated direct appeal and his reinstated PCRA appeal with this Court, which we now consolidate *sua sponte* for purposes of judicial economy. However, as explained below, we conclude that the Supreme Court of Pennsylvania has exclusive jurisdiction over these appeals, and we therefore transfer jurisdiction to that Court.

A few months before being tried for the instant case, Ragan was convicted of first-degree murder and sentenced to life imprisonment for the murder of Anthony Thomas. In the Thomas case, the Honorable Ronald Castille, who was the Philadelphia District Attorney at the time, had signed an immunity petition for a key eyewitness to the shooting of Thomas. Following that conviction, Ragan was tried by a jury in the instant case, this time for the killing of Darren Brown. The jury convicted Ragan of first-degree murder for the killing of Brown. At the penalty phase hearing, the jury found one aggravating circumstance; namely, that Ragan had been convicted and sentenced to life imprisonment for the first-degree murder of Thomas. *See* 42 Pa. C.S.A. § 9711 (d)(10). After weighing that aggravating circumstance

against the two mitigating circumstances that the jury also found, the jury returned a sentence of death. As the PCRA court observed, "[b]ut for this [sole aggravating circumstance], this would not have been a Capital case." Trial Court Opinion, 6/18/20, at 4.

Because Ragan was subject to a sentence of death, the direct appeal that Ragan filed from that sentence went directly to the Supreme Court of Pennsylvania. *See* 42 Pa.C.A.S. § 9711(h)(1). The Supreme Court, which the Honorable Ronald Castille had subsequently been elected to, unanimously affirmed Ragan's judgment of sentence. *See Commonwealth v. Ragan*, 645 A.2d 811 (Pa. 1994).[1] Ragan did not file a writ of certiorari to the United States Supreme Court.

Ragan did, however, file a PCRA petition, which the PCRA court denied. Again, because Ragan was subject to a sentence of death, Ragan's appeal from the denial of the PCRA petition went directly to our Supreme Court. *See* 42 Pa.C.S.A. § 9546(d). The Court, with Justice Castille again participating, unanimously affirmed the denial of post-conviction relief. *See Commonwealth v. Ragan*, 743 A.2d 390 (Pa. 1999). Ragan filed a second PCRA petition, which the PCRA court dismissed as untimely. Ragan appealed, and the Supreme Court, once again with Justice Castille participating,

---

[1] Justice Cappy filed a concurring opinion, which Justice Flaherty joined.

unanimously affirmed the dismissal of the petition. *See Commonwealth v. Ragan*, 923 A.2d 1169 (Pa. 2007).

Ragan filed a third PCRA petition, which he then supplemented with an amended petition. In his petitions, Ragan essentially claimed that he was entitled to relief pursuant to *Williams* because then Justice Castille's[2] participation in Ragan's direct and PCRA appeals "gave rise to an unacceptable risk of bias" and therefore violated his due process rights. *Williams*, 136 S.Ct. at 1908. Following an evidentiary hearing, the Commonwealth filed an amended response to Ragan's PCRA petitions. In the amended response, the Commonwealth agreed with Ragan that he was entitled to the reinstatement of his direct appeal and PCRA appeal rights based on *Williams*.

On January 10, 2020, the PCRA court entered an order granting Ragan's PCRA petition and reinstating Ragan's direct appeal as well as his PCRA appeal rights *nunc pro tunc*.[3] That same day, the PCRA court entered an order granting Ragan a new trial in the Thomas murder case. Ragan then filed a petition to vacate his death sentence in the instant case on the basis that the sole aggravating circumstance supporting the death sentence, the conviction for the Thomas murder, had been overturned. Ragan urged the court to vacate

---

[2] Justice Castille became Chief Justice of the Supreme Court in 2008, but retired before Ragan filed his third PCRA petition in 2016.

[3] The Commonwealth did not appeal the PCRA court's order.

the death sentence before he filed his reinstated appeals so that he would not have to raise issues related to his sentencing. *See* Petition to Vacate Death Sentence, 1/15/20, at 2, 8. The PCRA court granted the petition and vacated Ragan's death sentence. Ragan was subsequently sentenced to life in prison.

Ragan filed two separate notices of appeal to this Court, one relating to his reinstated direct appeal and the other relating to his reinstated PCRA appeal. The PCRA court directed Ragan to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal for each of his appeals, and Ragan complied. In response, the PCRA court issued a single Pa.R.A.P. 1925(a) opinion addressing both appeals.

The PCRA court found that in Ragan's reinstated PCRA appeal, his claim that the PCRA court failed to hold an evidentiary hearing was meritless as the court did hold a hearing. The court then found that the remainder of Ragan's claims were waived because he had not raised them in his PCRA petition. As for his reinstated direct appeal, the PCRA court, which had not presided over Ragan's trial, deferred to the opinion supporting the denial of Ragan's post-sentence motions from the trial court that had presided over Ragan's trial. Both of these appeals are now before us.

Before we can address the merits of the issues in either of these appeals, we must first determine whether this Court has jurisdiction over the appeals. *See Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014). In doing so, we note first that both Ragan's direct appeal and his appeal from

the denial of his first two PCRA petitions went directly to the Pennsylvania Supreme Court. This Court was not involved in those appeals. And it is those appeals that the PCRA court reinstated *nunc pro tunc* pursuant to **Williams**. "An award of *nunc pro tunc* relief is intended to put the petitioner in the same position he or she was in just prior to the alleged constitutional deprivation." **Commonwealth v. Koehler**, 229 A.3d 915, 931 (Pa. 2020) (citation omitted). At the time of both Ragan's original direct appeal and his PCRA appeals, this Court had no jurisdiction to review them. Therefore, the PCRA court's reinstatement of these appeals *nunc pro tunc* does not invoke this Court's jurisdiction.

We recognize that Ragan is no longer facing the death penalty. As such, the Supreme Court of Pennsylvania's death penalty jurisdiction no longer controls an appeal from Ragan's sentence of life in prison. **See Commonwealth v. Rompilla**, 983 A.2d 1207 (Pa. 2009) (concluding that the Superior Court had jurisdiction over an appeal filed by an appellant who had been awarded a new penalty phase hearing and was subsequently sentenced to life imprisonment pursuant to an agreement with the Commonwealth).

However, we conclude that it is **Koehler**, rather than **Rompilla**, that controls the procedural posture of this case. Rompilla's appeal from the imposition of the life sentence did not result from his appellate rights being reinstated *nunc pro tunc*. Rompilla was never granted *nunc pro tunc* relief.

Here, in contrast, Ragan was granted *nunc pro tunc* relief after the PCRA court concluded that the prior decisions of the Pennsylvania Supreme Court affirming Ragan's death sentence and denying him post-collateral relief from that death sentence were tainted by the appearance of bias. The granting of this *nunc pro tunc* relief requires us, pursuant to **Koehler**, to put Ragan in the same position he was in just prior to the alleged constitutional deprivation.

Moreover, as the Supreme Court noted in **Koehler**, the Supreme Court is the only state judicial entity that can overturn its own precedent. **See Koehler**, 229 A.3d at 938. Ragan's original direct appeal and appeals from the denial of post-conviction relief were never before this Court; they were only heard and decided by the Supreme Court. As **Koehler** makes clear, this Court does not have the authority to issue a decision that conflicts with the Supreme Court's determinations in those appeals. Based on all of this, we conclude that Ragan's reinstated direct appeal and his reinstated PCRA appeal must be transferred to the Supreme Court of Pennsylvania.

The appeal at 507 EDA 2020 and the appeal at 508 EDA 2020 are *sua sponte* consolidated. Jurisdiction transferred to the Supreme Court of Pennsylvania.

Judgment Entered.

![signature]

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/21