# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 19 EAP 2021 |
| Appellee | : | |
| v. | : | |
| DERRICK RAGAN, | : | |
| Appellant | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 20 EAP 2021 |
| Appellee | : | |
| v. | : | |
| DERRICK RAGAN, | : | |
| Appellant | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 7th day of September, 2021, the order of the Superior Court transferring these appeals, *see Commonwealth v. Ragan*, 507 EDA 2020, is VACATED. These appeals are TRANSFERRED to the Superior Court for disposition.

    This Court lacks direct appellate jurisdiction over an appeal taken by a defendant who had formerly been subject to a death sentence, but who is now sentenced to life imprisonment. *See Commonwealth v. Rompilla,* 983 A.2d 1207, 1211 (Pa. 2009)

(observing that this Court's direct appellate jurisdiction over PCRA orders in capital matters "plainly does not encompass cases in which the death penalty was imposed at one time but subsequently was vacated and a judgment of sentence of life imprisonment was imposed"). Rather, the Superior Court has exclusive, direct appellate jurisdiction over an appeal from an order involving a defendant sentenced to life imprisonment. *See* 42 Pa.C.S. §742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, . . . except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.").

The Superior Court is directed to address whether the PCRA petitions were timely filed in light of *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020), which was issued after the PCRA court reinstated these appeals.

Jurisdiction relinquished.

Chief Justice Baer and Justices Saylor and Todd did not participate in the consideration or decision of this matter.