IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane J. Clapper,                          :
                    Petitioner             :
                                           :
        v.                                 :   No. 517 C.D. 2021
                                           :   Submitted:  December 30, 2021
Commonwealth of Pennsylvania               :
(Workers' Compensation Appeal              :
Board),                                    :
                    Respondent             :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  April 13, 2022

        Shane J. Clapper (Claimant) petitions this Court for review of the April 20,
2021 order of the Workers' Compensation Appeal Board (Board), which affirmed
the decision of a workers' compensation judge (WCJ) modifying Claimant's total
disability benefits based on the results of an impairment rating evaluation (IRE)
conducted pursuant to Section 306(a.3) of the Workers' Compensation Act (Act).[1]
On appeal, Claimant challenges the constitutionality of Act 111 and argues that an

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714,
No. 111 (Act 111), 77 P.S. § 511.3.  Section 306(a.3)(1) of the Act requires that an employee who
has received total disability compensation for 104 weeks submit to an IRE pursuant to the
American Medical Association's "Guides to the Evaluation of Permanent Impairment," Sixth
edition (second printing April 2009) (AMA Guides), for the purpose of determining his degree of
whole body impairment (WBI) due to the compensable injury.  77 P.S. § 511.3(1).  If the IRE
results in a WBI that is less than 35%, the employee shall receive partial disability benefits under
Section 306(b) of the Act.  77 P.S. § 511.3(2).  Section 306(b)(1) of the Act limits a claimant's
receipt of partial disability benefits to 500 weeks.  77 P.S. § 512(1).

IRE under Section 306(a.3) of the Act cannot be performed until regulations have been promulgated to effectuate the provisions of Act 111. After review, we affirm.

## I. Background

The underlying facts are undisputed. Claimant suffered a work injury to his lower back and right hip on April 24, 2012, while in the course of his employment as a corrections officer for the Commonwealth of Pennsylvania (Employer). Certified Record (C.R.), Item No. 14. Employer accepted liability for Claimant's work injury through issuance of a notice of compensation payable (NCP).[2] *Id.*

Based on the results of a June 28, 2019 IRE, which assigned Claimant a WBI rating of 18%, Employer filed a petition to modify Claimant's total disability benefits pursuant to Section 306(a.3) of the Act. C.R., Item No. 2. Claimant disputed the results of the June 28, 2019 IRE and generally challenged the constitutionality of the IRE provisions in the Act. C.R., Item No. 4. On June 29, 2020, the WCJ granted Employer's petition and modified Claimant's disability benefits from total to partial, effective June 28, 2019. C.R., Item No. 5, at 7. Claimant appealed to the Board, which affirmed the WCJ's order on April 20, 2021. C.R., Item No. 8. This appeal followed.[3]

---

[2] The NCP indicates that Claimant would receive "salary continuation" under what is commonly referred to as the Heart and Lung Act (HLA). Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638. Section 1(a) of the HLA relevantly provides that a corrections officer who is injured in the performance of his duties shall receive his full rate of salary, to be paid by the Commonwealth. 53 P.S. § 637(a). The Commonwealth has a right of subrogation to any workers' compensation benefits received or collected by the insured employee. *Id.*

[3] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

## II. Issues

Claimant argues (1) that Act 111 unconstitutionally deprives him of property rights and violates his due process and equal protection rights under the Pennsylvania and United States Constitutions; (2) that an IRE under Section 306(a.3) of the Act cannot be performed until regulations have been promulgated to effectuate the provisions of Act 111; and (3) that the enactment of Act 111 represents an unconstitutional delegation of legislative authority.

## III.   Discussion

Act 111 largely reenacted IRE provisions contained in former Section 306(a.2) of the Act,[4] which this Court partially struck down in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017) (*Protz II*), as an unconstitutional delegation of legislative power, because it provided that an IRE should be conducted pursuant to the "most recent" version of the AMA Guides. We directed that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect at the time former Section 306(a.2) was enacted. *Id.* at 417. The Supreme Court affirmed this Court in *Protz II* but struck down Section 306(a.2) in its entirety.   In the wake of *Protz I* and *II*, some claimants whose total disability benefits had been modified based on an IRE performed under former Section 306(a.2) of the Act were entitled to reinstatement of their total disability benefits.[5]

---

[4] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111.

[5] *See Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (claimant whose disability status was modified pursuant to an IRE rendered invalid by *Protz II*, and who filed a petition seeking reinstatement of total disability benefits within three years of her last payment of compensation, was entitled to reinstatement as of the date she filed her reinstatement petition).

3

In reenacting the IRE provisions invalidated by *Protz II*, Section 3(1)-(2) of Act 111 provides that, when calculating the number of total and partial disability weeks a claimant has received, an employer "shall" be granted a credit for any weeks paid prior to October 24, 2018, the date on which Act 111 became effective.

Claimant's first constitutional argument baldly asserts, without supporting references to legal authority or fact, that the partial disability credit provision in Section 3(2) of Act 111[6] unconstitutionally deprives him of property rights, and violates his constitutional rights to due process and equal protection.[7]

Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure requires, in pertinent part, that an appellate brief include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court has repeatedly held that we will not consider the merits of an issue that is not properly raised and developed in a brief. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005). *See also Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009) (appellant's failure to adequately develop its arguments or support its bald assertions with sufficient citation to legal authority impedes meaningful judicial review of its claims).

---

[6] In his brief, Claimant raises the constitutional infirmity of Section 314 of the Act, 77 P.S. § 651, which concerns a claimant's responsibility for submitting to a physical examination at the request of his employer. We presume the reference to Section 314 is a typographical error, as Claimant otherwise challenges the credit provisions contained in Section 3 of Act 111.

[7] Even had Claimant properly developed his constitutional argument, we cannot perceive how Claimant is harmed by the credit provisions in Section 3 of the Act. Claimant's disability status was first modified on June 28, 2019, approximately eight months after Act 111 was enacted, and there is no evidence to suggest that Employer ever paid Claimant partial disability benefits under an IRE invalidated by *Protz II*. As a result, the credit provisions of Section 3 do not apply to the instant matter.

4

Claimant's purported constitutional argument consists of two paragraphs, the first of which simply relates to various provisions of Act 111. The second paragraph provides as follows:

> The new language in Section [3] of [the] Act, which was also included in Act 111, represents an unconstitutional deprivation of property rights. Act 111 permits the [e]mployer to take a credit for partial disability benefits that were paid prior to the effective date of Act 111. By providing for such a credit, Act 111 violates the due process and equal protections [sic] provisions of the Pennsylvania and United States Constitutions.

Claimant's Br. at 8-9. This generic reference to property rights and constitutional due process and equal protection provisions hardly constitutes the development of an argument and utterly fails to comport with the requirements of Pa.R.A.P. 2119(a). Claimant's argument is therefore deemed waived as insufficiently developed, and we will not address it further.

The deficiency of Claimant's second argument exceeds that of his first, as Claimant simply asserts that regulations have not yet been promulgated to effectuate the provisions of Act 111. "Thus, Claimant respectfully suggests that it is a violation of the Act to proceed with IRE's [sic] before such regulations are adopted." Claimant's Br. at 9. Claimant's second argument is also waived, having been insufficiently developed.

Claimant's final argument, the only one brought properly before this Court, contends that Act 111 unconstitutionally confers legislative powers to a body other than the General Assembly, in violation of article II, Section 1 of the Pennsylvania

5

Constitution.[8] Claimant asserts that Act 111 has not alleviated the deficiencies identified in *Protz II*, in which our Supreme Court rejected the language in former Section 306(a.2) of the Act that an IRE be performed in accordance with "the most recent edition" of the AMA Guides.[9] The Supreme Court held that such language effectively adopted, "sight unseen," any future edition of the AMA Guides, thus granting the AMA "unfettered control" over the standards that would determine a claimant's disability status. *Protz II*, 161 A.3d at 836, 839.

We disagree with Claimant, as we have previously reviewed, and rejected, this argument in *Pennsylvania AFL-CIO v. Commonwealth,* 219 A.3d 306, 316 (Pa. Cmwlth. 2019), *affirmed per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), holding that the General Assembly's enactment of Act 111 did not violate article II, Section 1 of the Pennsylvania Constitution, as it merely adopted the existing set of standards set forth in the Sixth edition, second printing, of the AMA Guides.

## IV. Conclusion

Claimant's first two arguments are waived, having been insufficiently developed. As this Court has previously held that the enactment of Section 306(a.3) of the Act did not violate article II, Section 1 of the Pennsylvania Constitution, we affirm the Board's order.

_____
ELLEN CEISLER, Judge

---

[8] Article II, Section 1 provides that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

[9] *Formerly* 77 P.S. § 511.2.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane J. Clapper,                          :
                    Petitioner             :
                                           :
        v.                                 :   No. 517 C.D. 2021
                                           :
Commonwealth of Pennsylvania               :
(Workers' Compensation Appeal              :
Board),                                    :
                    Respondent             :

# **O R D E R**

AND NOW, this 13th day of April, 2022, the April 20, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
ELLEN CEISLER, Judge