IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael E. Lockhart,                          :
                                              :
                        Petitioner            :
                                              :
            v.                                : No. 18 C.D. 2022
                                              : Submitted: February 3, 2023
Universal Well Services, Inc.,                :
(Workers' Compensation                        :
Appeal Board),                                :
                                              :
                        Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED:  August 29, 2023


            Michael E. Lockhart (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ) that granted the Petition to Modify Compensation
Benefits (Modification Petition) of Universal Well Services, Inc. (Employer) based
on an Impairment Rating Evaluation (IRE) and modified Claimant's benefits from
total to partial disability status.  Claimant challenges as unconstitutional the
retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3)
of the Workers' Compensation Act (WC and Act, respectively),[1] altering the criteria

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L.
714, No. 111 (Act 111), 77 P.S. §511.3.

for determining a claimant's disability status, providing that an impairment rating of less than 35% constitutes a partial disability, and providing a credit for disability payments already made. Claimant maintains that Act 111 cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111, and that Act 111 constitutes an unconstitutional delegation of legislative authority. We affirm.

Pursuant to a June 27, 2016 Medical-Only Notice of Compensation Payable, Claimant suffered an injury in the nature of a low back strain on April 25, 2016, while in the course of his employment with Employer. By an April 26, 2018 WCJ decision granting Claimant's Claim and Penalty Petitions, and denying Employer's Termination Petition, the injury was expanded to a "lumbar sprain/strain resulting in aggravation of underlying degenerative spinal stenosis." Reproduced Record (RR) at 161a. Claimant's WC benefits were also modified to total disability benefits "commencing on the date after his last wage-earning day of employment with Employer." *Id.* The Board affirmed the WCJ's decision on appeal.

On February 20, 2019, Employer filed the instant Modification Petition based on an IRE following an examination by Thomas Freenock, M.D. (Dr. Freenock), on January 21, 2019. *See* RR at 8a-10a. In a February 26, 2019 Answer to the Modification Petition, Claimant alleged, *inter alia*, that the IRE that Dr. Freenock performed is unconstitutional, and the matter should be stayed pending the disposition of an original jurisdiction matter then pending before this Court. *See id.* at 12a.

Ultimately, on May 13, 2019, the WCJ issued a decision denying and dismissing the Modification Petition because

> [i]n *Protz* [*v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017)],

2

> the Supreme Court clearly and precisely set forth numerous reasons and concerns in determining that the IRE process as previously established by the General Assembly in prior Section 306(a.2) of the Act[2] was deemed to be unconstitutional. Based on the precedent established by the Supreme Court in *Protz*[,] this [WCJ] finds that Act 111 fails to address those concerns.

RR at 31a. However, on appeal, the Board vacated the WCJ's order and remanded the matter to the WCJ "for a determination on the merits of the Modification Petition. . . ." *Id.* at 45a.[3]

On remand, following hearings and the reception of evidence, the WCJ issued a decision in which he made the following relevant findings of fact: (1) Claimant received in excess of 104 weeks of total disability benefits prior to the date of the IRE; (2) Dr. Freenock credibly testified that Claimant had reached maximum medical improvement because further treatment was not expected to significantly improve his condition; and (3) Dr. Freenock credibly testified that Claimant's whole-person impairment was 7% under the Sixth Edition of the American Medical Association *Guides to the Evaluation of Permanent Impairment*, Second Printing (*Guides*). *See* RR at 164a-66a. Specifically, the WCJ found:

> 19. Based on the evidence presented by [] Employer, [] Employer has shown that Claimant's whole[-]person impairment relative to the work injury was less than 35%. Because [] Employer did not obtain the IRE within 60 days after Claimant received 104 weeks of total disability benefits, Employer is only entitled to convert Claimant from total to partial disability status as of the date of the IRE, that is January 21, 2019.

---

[2] Added by the Act of June 24, 1996, P.L. 350, *formerly*, 77 P.S. §511.2, repealed by Act 111.

[3] On December 2, 2020, the matter was reassigned to another WCJ. *See* RR at 74a.

*Id.* at 166a.[4]

Accordingly, the WCJ issued an order granting Employer's Modification Petition, and modifying Claimant's WC benefits status from total to partial disability as of January 21, 2019. *See* RR at 169a. The Board affirmed the WCJ's decision on appeal, and Claimant filed this petition for review of the Board's order.[5]

Claimant first generically argues on appeal that Section 3(2) of Act 111,[6] which provides Employer with a credit for all partial disability benefits that had been previously paid, violates his property rights, and his constitutional rights to due process and equal protection. However, as this Court explained in an identical circumstance:

> [The c]laimant's first constitutional argument baldly asserts, without supporting references to legal authority or fact, that the partial disability credit provision in Section 3(2) of Act 111 unconstitutionally deprives him

---

[4] The WCJ also noted that "[w]hile Claimant's counsel raised issues as to the constitutionality of the IRE statu[t]e and process, I cannot address these issues. As a WCJ, I have limited authority and jurisdiction." RR at 167a.

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[6] Section 3(2) of Act 111 states:

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. §511.3, Historical and Statutory Notes.

of property rights, and violates his constitutional rights to due process and equal protection.

Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure requires, in pertinent part, that an appellate brief include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court has repeatedly held that we will not consider the merits of an issue that is not properly raised and developed in a brief. *Am*[*erican*] *Rock Mech*[*anics*], *Inc. v. Workers' Comp*[*ensation*] *Appeal B*[*oard*] (*Bik & Lehigh Concrete Tech*[*nologies*]), 881 A.2d 54, 56 (Pa. Cmwlth. 2005). *See also Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009) (appellant's failure to adequately develop its arguments or support its bald assertions with sufficient citation to legal authority impedes meaningful judicial review of its claims).

[The c]laimant's purported constitutional argument consists of two paragraphs, the first of which simply relates to various provisions of Act 111. The second paragraph provides as follows:

> The new language in Section [3] of [the] Act, which was also included in Act 111, represents an unconstitutional deprivation of property rights. Act 111 permits the [e]mployer to take a credit for partial disability benefits that were paid prior to the effective date of Act 111. By providing for such a credit, Act 111 violates the due process and equal protections [sic] provisions of the Pennsylvania and United States Constitutions.

[]This generic reference to property rights and constitutional due process and equal protection provisions hardly constitutes the development of an argument and utterly fails to comport with the requirements of Pa.R.A.P. 2119(a). [The c]laimant's argument is therefore deemed waived as insufficiently developed, and we will not address it further.

5

*Clapper v. Commonwealth of Pennsylvania (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 517 C.D. 2021, filed April 13, 2022), slip op. at 4-5 (footnotes omitted).[7]  Because Claimant raises the exact same deficient argument in support of his claim in the instant appeal, it is "deemed waived as insufficiently developed, and we will not address it further." *Id.*, slip op. at 5.

Finally, Claimant asserts that Act 111 violates the Non-Delegation Clause of article II, section 1 of the Pennsylvania Constitution.[8]  However, as we previously explained:

> We disagree with [the c]laimant, as we have previously reviewed, and rejected, this argument in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 316 (Pa. Cmwlth. 2019), *affirmed per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), holding that the General Assembly's enactment of Act 111 did not violate article II, section 1 of the Pennsylvania Constitution, as it merely adopted the existing set of standards set forth in the [*Guides*].

*Clapper*, slip op. at 6.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[7] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

[8] Pa. Const. art. II, §1.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael E. Lockhart,                    :
                                        :
                    Petitioner          :
                                        :
        v.                              :  No. 18 C.D. 2022
                                        :
Universal Well Services, Inc.,          :
(Workers' Compensation                  :
Appeal Board),                          :
                                        :
                    Respondent          :


# **O R D E R**


AND NOW, this 29th day of August, 2023, the order of the Workers' Compensation Appeal Board dated December 28, 2021, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge