IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Scott Mortimer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 75 C.D. 2023 |
| | : | |
| Andritz Herrvoss Stamco (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | Submitted: December 4, 2023 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED:  January 18, 2024

Scott Mortimer (Claimant) petitions this Court for review of a January 18, 2023 Order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) modifying Claimant's workers' compensation benefits (Modification Petition) based on the results of an impairment rating evaluation (IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act (Act).[1]   Claimant argues that Act 111 is

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.  Section 306(a.3)(1) of the Act requires that an employee who has received total disability compensation for 104 weeks submit to an IRE pursuant to the American Medical Association's "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009) (AMA Guides), for the purpose of determining his degree of whole body impairment (WBI) due to the compensable injury.  77 P.S. § 511.3(1).  If the IRE results in a WBI that is less than 35%, the employee shall receive partial disability benefits under Section 306(b) of the Act.  77 P.S. § 511.3(2).  Section 306(b)(1) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks.  77 P.S. § 512(1).

unconstitutional, as it applies to work injuries sustained prior to Act 111's effective date. After review, we affirm the Board's order.

## I. Background

The underlying facts in this case are not in dispute. On November 9, 1999, Claimant sustained a work injury while employed as a nurse for Select Medical Corporation (Employer). Certified Record (C.R.), Item No. 16, WCJ Decision, 5/9/2022, Finding of Fact (F.F.) No. 1. Employer acknowledged liability for the work injury, described as a strain of the lower back, through the issuance of a Notice of Compensation Payable (NCP). *Id.* In a January 12, 2007 decision, a WCJ found that Claimant's disability status changed from total to partial based on the results of a March 6, 2006 IRE. *Id.*, F.F. No. 2. Claimant filed a petition to reinstate his total disability benefits on August 9, 2017, after former Section 306(a.2) of the Act, which governed the process by which IREs were conducted, was ruled unconstitutional.[2] *Id.*, F.F. No. 3. In a July 5, 2019 decision, a WCJ reinstated Claimant's benefits as of the date of the petition. *See* C.R., Item No. 42.

On June 9, 2021, Employer filed a petition to modify Claimant's benefits from total back to partial as of April 26, 2021, the date of an IRE by Dr. Thomas Freenock.[3] *See* C.R., Item No. 10. Following the IRE, which was performed in

---

[2] In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017) (*Protz II*), this Court held that former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, was an unconstitutional delegation of legislative power, as it provided that an IRE should be performed under the "most recent" version of the AMA Guides. *Protz I*, 124 A.3d at 416. We directed that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect at the time Section 306(a.2) was enacted. *Id.* at 417. The Supreme Court affirmed this Court in *Protz II* but struck down Section 306(a.2) in its entirety.

[3] Employer had also filed a petition to modify Claimant's benefits on February 2, 2021, based on a labor market survey that established earning capacity. *See* C.R., Item No. 2. While

**(Footnote continued on next page…)**

accordance with Section 306(a.3) of the Act, Dr. Freenock assigned Claimant a WBI of 23%. *See* C.R., Item No. 36, Freenock Report, 4/26/2021. Claimant filed petitions for penalties against Employer on February 15, 2021, and on August 4, 2021, both of which alleged that Employer failed to pay for medical treatment necessitated by Claimant's lower back condition. *See* C.R., Items Nos. 5, 13. In his May 9, 2022 decision, the WCJ credited Dr. Freenock's testimony and granted Employer's petition to modify Claimant's benefits. WCJ Decision, 5/9/2022, F.F. No. 21. The WCJ also noted that, pursuant to Section 306(a.3) of the Act, Employer was entitled to a credit for partial disability payments previously paid. *Id.*, F.F. No. 23. Since Claimant had already received 500 weeks of wage loss benefits, this resulted in the suspension of his benefits. *Id.* Additionally, the WCJ denied Claimant's penalty petitions, finding that Claimant did not meet his burden of proving that Employer violated the Act or its rules and regulations. *Id.*, C.L. No. 5. Claimant appealed to the Board, which affirmed the WCJ. *See* C.R., Item No. 19. This appeal followed.[4]

## II. Discussion

The sole issue before this Court is whether the WCJ erred in giving Employer a credit for partial disability benefits when granting its petition to modify Claimant's benefits. According to Claimant, benefits paid pursuant to former Section 306(a.2) of the Act should not be counted toward his 500 weeks, as there "is no provision in

---

granting Employer's petition to modify benefits based on the IRE, the WCJ denied the February 2, 2021 petition. *See* WCJ Decision, 5/9/2022, Conclusion of Law (C.L.) No. 2.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

Act 111 which specifically or implicitly provides for an IRE performed prior to Section 306(a.3)['s] . . . enactment to be validated afterward." Claimant's Br. at 8.

Arguments identical to Claimant's have been repeatedly brought before this Court, and consistently rejected. In *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 562 (Pa. Cmwlth. 2020), we explained that, in enacting Act 111, "the General Assembly intended that employers and insurers that relied upon former Section 306(a.2) to their detriment by not pursuing other methods of a modification should not bear the entire burden of the provision being declared unconstitutional." Thus, through "the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, *whether total or partial in nature*, previously paid." *Id.* (emphasis added). We therefore held that the credit provided in Section 3(2) of Act 111 was clearly intended to be given retroactive effect. *Id.* at 563.

*Rose Corporation*'s holding has been reaffirmed on several occasions. *See*, *e.g.*, *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 250 A.3d 1169, 1180 (Pa. Cmwlth. 2021) (explaining "that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect"); *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360, 366 (Pa. Cmwlth. 2021) (holding that retroactive application of Act 111 to injuries predating its enactment does not violate claimant's constitutional rights); *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 (Pa. Cmwlth. 2022) (holding that employer was properly given credit for payments made prior to Act 111's enactment).

4

Claimant does not even attempt to distinguish the facts in the instant matter from those in the precedents cited above.[5]  Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

---

[5] Even if Claimant's arguments were not clearly at odds with all of the relevant case law, they amount to little more than bare assertions, rendering appellate review nearly impossible.  This Court has repeatedly held that we will not consider the merits of an issue that is not properly raised and developed in a brief.  *Am. Rock Mechs., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Techs.)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005); *see also Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009) (explaining that appellant's failure to adequately develop his arguments or support his assertions with sufficient citation to legal authority impedes meaningful judicial review of his claims).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Mortimer,                          :
                    Petitioner           :
                                         :
        v.                               :  No. 75 C.D. 2023
                                         :
Andritz Herrvoss Stamco (Workers'        :
Compensation Appeal Board),              :
                    Respondent           :

# **O R D E R**

AND NOW, this 18th day of January, 2024, the order of the Workers' Compensation Appeal Board in the above-captioned matter, dated January 18, 2023, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge